IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

DONNA HAND, Pro Se  
Plaintiff

CASE NO.: 8; 09CV 01921  
Division_____

VS

James BiBeault, individually and as Jacksonville District Director DEEOICP  
David Miller, individually and as Jacksonville Asst. Deputy Director DEEOICP  
Mark Stewart, individually and as Jacksonville FAB manager DEEOICP  
Lee Santos, individually and as Jacksonville claims examiner DEEOICP  
Julia Draper, individually and as Jacksonville Senior Claims Examiner DEEOICP  
Lise' Farmer, individually and as Jacksonville FAB Senior Claims Examiner DEEOICP  
Rachel Leiton, individually and as National Director of DEEOICP  
LuAnn Kressley, individually and as National FAB Director of DEEOICP  
Susan von Struensee, individually and as National FAB Hearing Representative  
JohnVance, individually and as National Chief Outreach and Technical asst. of DEEOICP  
Jeana LaRock, individually and as Jacksonville FAB hearing examiner DEEOICP  
Wendell Perez, individually and as Jacksonville FAB hearing examiner DEEOICP  
Sidne Valdivieso, individually and as Jacksonville FAB hearing examiner DEEOICP  
Laura O'Shea, individually and as Jacksonville Case Examiner DEEOICP  
James Johnson, individually and as Jacksonville Case Examiner DEEOICP  
Katina Johnson, individually and as Jacksonville Case Examiner DEEOICP  
Diane Case, individually and as National Health Physicist DEEOICP  
Dr. John Ellis, M.D. MPH. A.B.IME, individually and as DMC for Jacksonville DEEOICP  
Dr. William Wright, MD, MSPH, Work Wright Inc., individually and as DMC for Jacksonville DEEOICP

AMENDED AS PER COURT ORDER

COMPLAINT OF PROPERTY INJURY DUE TO FRAUD, NEGLIGENCE, NEGLIGENCE PER SE, BREACH OF DUTY, ABUSE OF DISCRETION, ABUSE OF PROCESS/OPERATIONAL, AND DENIAL OF DUE PROCESS AS WELL AS EQUAL PROTECTION OF THE LAW AND CIVIL RIGHTS

AND DEMAND A JURY TRIAL

Comes now, DONNA HAND Pro Se Plantiff, and files this Complaint upon the above mentioned defendants, from now on will be stipulated as Bibeault *et al.* The Plaintiff has standing to file this complaint due to the denial of benefits to which the Plaintiff was entitled. The Plaintiff has possessory interest in the benefits of the claimants under the Energy Employee Occupational Illness Compensation Program Act, 42 USC 7384;42 USC 7385. The benefits are property and requires due process for the Plaintiff. See *Mathews v Eldridge*, 424 U.S.319,332 (1976).

I

This Court has jurisdiction under the Energy Employee Occupational Illness Compensation Program, 42 USC 7385s-6 (A), under the Federal Tort Act, 28 USC 1346(b), for judicial review under the APA, 5 USC 704, under 42 USC 1983, and under the U. S. Constitution's Due Process, Fifth Amendment, and Equal Rights.

II

The omission of known facts, the breach of duty of mandatory requirements, the negligence of compensation due according to the law, the abuse of discretion and not maintaining consistency in decisions and/or criteria for eligibility of compensation, the abuse of process in remanding cases back which then delays the compensation, the abuse of process of the FAB Hearing Examiners having ex parte communications with the case examiners, the abuse of process of allowing a terminal ill claimant's decision to wait until the maximum time allowed has expired, the abuse of process when the case examiners

review the reopening request and the federal regulations state that that is the sole responsibility of the Director, and the denial of due process to appeal the FAB final decision or the denial of reopening of a claim has lead to a unlawful denial of property of the Plaintiff, Donna Hand and the claimants that Donna Hand is /was the authorized representative.

### III

1. The defendants are employees of the Department of Labor's Division of Energy Employee Occupational Illness Compensation, DEEOICP. The defendants' duties and responsibilities require them to follow the law, regulations, policy/procedures, and to be timely, consistent and fair. The Defendants breached that duty by denying claims "*under the color*" of the statute that was contradictory to the statute. The denial of addressing the application of the radiation dose to the workers for Part B compensation stating that the objections of the Plaintiff was to the methods of the dose reconstruction. The denial of compensation by omitting incidents of exposure of the worker to toxic substances. The denial of compensation by refusing to send additional employment to radiation to NIOSH for dose determination. The denial of compensation by requiring a higher standard then what the law states as evidence to establish the claim. The defendants were required to use well recognized workman compensation principles, OWCP procedure manuals, and court decisions.

2. The Plaintiff, HAND, is the authorized representative for several claimants who have filed for compensation under the EEOICP Act, and is entitled to 10% of the amount

that is awarded to the claimants. Since the defendants denied the claimants that the Plaintiff represented, this agency action adversely affected and aggrieved the Plaintiff, HAND, and Plaintiff now requests judicial review. Section 10(a) of Administrative Procedure Act.

3. The EEOICP Act is a federal compensation Act to compensate nuclear workers at Department of Energy facilities, Beryllium facilities, and Atomic Weapons facilities. The DOL's DEEOICP is charged to administrate this compensation program. 42 USC 7384;42 USC 7385; 20 CFR 30; 42 CFR 81, 82.

4. The defendants, James Bibeault, David Miller, Mark Stewart, Rachel Leiton, and LuAnn Kressley were given a CD describing the processes, products, toxic substances, and the working conditions of the claimants at the Pinellas Plant, a DOE facility. The information on the CD was to establish substantial relevant evidence of the duties, processes, products, and toxic exposures of the Pinellas Plant claimants. The defendants refused to use this information in adjudicating the claims.

5. The DEEOIC uses the Site Exposure Matrix, SEM, to determine the causation link of a covered illness and the Pinellas Plant work areas and duties that establish the exposure to the toxic substance. Pinellas Plant's SEM was not created until June 23, 2006 and still does not list the toxic substances that are known to be in areas of workers' exposure do to the work duties. The SEM also does not list the classified

areas where exposure to toxic substances and work duties information would be limited.

6. The DEEOIC denies the claims based on the SEM alone and ignores programmatic evidence, government documents, and legal precedent.

7. The District Medical Consultant(s) issue decisions and opinions that ignore the substantial facts of the case(s). The DMC has the knowledge that the standards for review of a case, *"must include each claimed illness, make a finding whether that illness arose out of and in the course of the worker's DOE employment, and state the basis for that finding."*, 10 C.F.R. sec.852.12, accepted by the Secretary of Labor 10/2004. The DMC(s) are to determine wage loss based on the standard of did the accepted covered illness cause the employee to quit work or change jobs. This standard is in the Q& A Procedure Manual Question #4,as stated in a remand decision by a FAB hearing officer. The Plaintiff and other claimants do not have access to the Q & A Procedure Manual.

8. The DMC's as well as the DEEOICP's employees are required to use the *"principles and practices of workman compensation legislation,"* must be guided by*"precedents established by FAB and appropriate court decisions,"* and use *"such guides and specific instructions as exist contained in OWCP regulations, having the force and*

*effect of law, and in the OWCP procedure manuals"*. See Position Description responsibility and duties issued 11/01/2001.

9. The FAB's authority is to review the written record, hold hearings if necessary, and to issue final decisions. The FAB Hearing Representative *"makes findings of fact and conclusions of law, and awards or denies benefits involving issues such as covered employee status, application of the radio epidemiological algorithm,"* ( procedure for solving a problem esp. in mathematics or computing), *"the nature and extent of employment related illness, payment for compensation purposes and survivor status."* See Position Description responsibilities and duties issued 8/19/2002.

10. The statement and interpretation by Solicitor Turley that " *the FAB represents the final level of adjudication for Energy Employees compensation claims, the highest level of appeal within the Department of Labor (DOL). The only remaining avenue available to the adjudication has been finalized by the FAB is the Federal District Court,"* implies that the FAB functions as if it is the Administrative Law Judge and do not have an Appeals Board. Since the FAB Hearing Representative(s) are acting as the Administrative law judge(s), the FAB Hearing Representative is required to be independent of the District Office Employees. Any communication with the Case Examiner involved with the case would be considered *exparte* communication. The FAB Hearing Representative is responsible for independently planning and carrying out claims, case reviews, and issuing final decisions or scheduling claims cases for hearings. The *exparte* communication can deprive the Plaintiff of procedural due

process. See *Sangamon Valley Television Corp, v. Fcc*,269 F2d 221, 224 ( "basic fairness" requires disclosure of *exparte* contacts); *Home Box Office, Inc. v. FCC*,567F.2d 9,56 (D.C. Cir. 1977 ( reading *Sangamon* as due process case.)

11. The final decisions of the FAB are subject to review by the FAB Branch Chief or District FAB Manager. The FAB Hearing Representative is required to apply the Administrative Procedure Act's adjudication provisions. APA sec 551. If the FAB contends that the only avenue of appeal is to go to the Federal District court then this compensation program is a denial of equal protection of the workman compensation programs. All other compensation programs administered by the DOL's Office of Workman Compensation Program, allow the claimants a hearing before an administrative law judge, an appeal to an appeals board, an appeal to the federal appeals court, and then appeal to the U.S.Supreme Court. 42 USC 7385s-6 (a) (b).

12. The EEOICP Act states that the claimant has the option of judicial review as well as the APA sec.704. "To obtain judicial review under the APA, plaintiff must challenge a final agency action. 5 U.S.C. § 704; Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 882 (1990). The Plaintiff requests that a judicial review be granted by this court due to the arbitrary and capricious decisions of the DEEOICP defendants.

13. CASE #xxxxx9696; DT

A final decision was issued to grant compensation under Part E of the EEOICP Act for the covered illnesses of COPD, (4/2008), kidney stones, (2/2009), and heavy metal poisoning, (2/2009). MR. DT then obtained a minimum impairment of the COPD of 15% in April 2008. MR. DT then had a minimum impairment for Heavy Metal Poisoning of 67%, kidney stones 5%, and additional COPD of 4%.

The Recommended Decision issued on August 19,2009, then stated that the "lung bullas" are related to the COPD, and will accept the impairment benefits for kidney stones and COPD.(NOTE the impairment for the COPD did not include the lung bullas.)

Since the Recommended decision is silent on the issue of impairment of the Heavy Metal Poisoning, Lee Santos, Julia Draper, and Lise' Farmer have willfully committed fraud.

The claimant DT is entitled to a minimum impairment due to Heavy Metal Poisoning of 67%, ($167,500.00), due to kidney stones of 5%, ($12,500.00), and an additional 4% due to the COPD, ($10,000.00). (Total $190,000.00 due to claimant DT; $19,000.00 due to Plaintiff Hand.) (NOTE Lee Santos also questioned the calculations of the Doctor that did the impairment.) This case also denied wage loss for COPD based on the wrong standard used to determine wage loss. The DMC was not informed of the job duties of the claimant, used misleading statements, and denied the wage loss based on his own opinion of disability. The policy states that disability can only be used under Part B of the EEOICP Act and not Part E. The

wage loss could only be either $10,000.00 or $15,000.00 per year. Since the Claimant has already been issued $ 37,500.00 for the COPD, and if the impairment due is added, the only amount of wage loss that the claimant can be granted under the EEOICP Act is $22,500.00, Plaintiff Hand $2,250.00. 42 USC 7385s-1; 20 CFR 30.800; Chapter E-800.

14. CASES involving terminally ill claimants that the Plaintiff Hand is/was the authorized representative for, are being denied based on fraudulent misrepresentation and or delay instead of following the policy to hasten the decisions in terminally ill claimants. Mark Stewart has told the FAB Hearing Representatives that they do not have to "look at the case" until 180 days have passed, especially if the recommended decision is to deny the claim. The claimant in this case is a 82 year old gentleman with 4 different primary cancers. This delay has the potential of deny the claimant of $180,000.00, and the Plaintiff Hand of $18,000.00. This delay violates the Congressional intent of the law and findings of Congress, 42 USC 7384 (a)(8)(9). DEEOICP's policy and procedures, bulletins and circulars.

15. In another terminally ill survivor claimant, Jeana La Rock, Wendell Perez, and Rachel Leiton fraudulently denied the claim based on the silence of not addressing the work duties of the worker, programmatic evidence that prostate cancer is the target organ for cadmium, and that the policy's states if COPD is an

illness of a deceased worker, that the CBD must be assumed if the deceased worker was exposed to beryllium. This claimant has now passed away and Part E compensation is no longer available. The amount that the survivor claimant should have received was $150,000.00 for Part B, and $125,000.00 for Part E for a total of $275,000.00, of which the Plaintiff Hand would have received $27,500.00. This action was based on omission of facts of the workers duties which Jeana LaRock, Wendell Perez, and Rachel Leiton was fully informed of. 42 USC 7384s(e); 42 USC 7385s; policy procedures, bulletins, circulars.

16. Another terminally claimant that was fraudulently denied compensation, was based on the FAB Hearing Examiner to "remand the case". This case involved breast cancer and at the hearing before Wendell Perez, evidence was given which established in the record of the link between the breast cancer and the toxic substances the claimant was exposed to. The record also included a written statement from the attending physician that the toxic substances was a factor that least as likely than not aggravated, contributed to, or caused the claimed illness of breast cancer. Instead of issuing a decision, Wendell Perez remanded the case back to the district office Case Examiner. The claimant passed away before a decision was issued. The claimant's compensation was no longer available, a loss of compensation of $400,000.00. The Plaintiff Hand "property damage" due to abuse of operational procedures and breach of duty is $40,000.00. (Operational functions are not discretionary see *Berkovitz v United States*, 486 US 531, 1988.)

The Hearing Examiners have full authority to determine whether to set aside the decision of the District Office in favor of the appellant based on submission of new documentary evidence of record, or a favorable judgment for the appellant based on a reconsideration of the initial case record; issue a decision vacating the prior decision and remand the case record to the District Office with instructions for further development or consideration of specific issues and issuance of a de novo decision; or schedule the claim case for hearing; or conduct a review of the written record. See Job duties and responsibilities Workers' Compensation Claims Examiner GS 0991 13 OWCP DEEOIC FAB HRS1 dated 2/23/2005. A remand to "teach the claims examiners" is a willful intent to delay compensation, abuse of discretion, and an abuse of process.

17. Reopening of claims/cases is allowed under the EEOICP federal regulations and states that the Director has the "sole" responsibility to grant or deny the reopening. The Director has interrupted this to mean that she can grant reopening responsibility to the District Directors and/or the Deputy Directors. See 20 CFR 30. 320 and EEOICP Final Bulletin 09-01. The District Directors James Bibeault and Deputy Director David Miller has abused this authority by denying claims to be reopened based on the fact that they will not accept new evidence of exposure to radiation, toxic substances, job duties, and legal precedents. This is contrary to the regulations and policies of the DEEOICP. Bulletin 08-38 recinded bulletins 06-10 and 06-14. Bulletins 06-10 and 06-14 listed illnesses that there

were" no known link to toxic substance." The Case Examiners and FAB Examiners would use the bulletins 06-10 and 06-14 to deny claims. Bulletin 08-38 was used as a "change" and new evidence to request reopening of claims. David Miller would deny the reopening.

18. Several cases that the Plaintiff Hand is the authorized representative for, have been denied reopening by Rachel Leiton, James Bibeault, and David Miller based on negligence of not addressing the evidence of exposure to toxic substances while performing the various work duties at the Pinellas Plant. The operational function used in the decision to reopen the cases is arbitrary and implies an appearance of bias and/or prejudice.

19. Case xxxxx2979; M DL is a case where the Plaintiff requested reopening based on additional toxic substances added to the Site Exposure Matrix for the Pinellas Plant, radiation exposure that was not used in the dose reconstruction, personal injuries that was a direct exposure to toxic substances not used in the previous decision, claimant worked in classified areas where it is unknown what radiation/ toxic substances were used, and that the previous decision used bulletin 06-10 and 06-14 to deny the claim which was rescinded by bulletin 08-38. (NOTE: This bulletin also allowed programmatic evidence to be filed by the claimant/Plaintiff to establish a known link of causation between the claimed illness and the toxic substances.) David Miller issued a decision to deny reopening because " no new

evidence" was presented that would allow reopening. This decision denied the claimant and the Plaintiff the due process right to have a hearing on the reopening request. The claimant does not have any recourse to adjudicate the denial of a reopening. The Plaintiff and the claimant according to the DOL's EEOICP Director Rachel Leiton can only appeal to the federal district court. The amount of damages to property to the claimant is $400,000.00, and to the Plaintiff is $40,000.00.

20. The DMC have continuously disregarded the meaning of significant factor as well as the meaning of "aggravating", or "contributing to" as it is used in this compensation program. In general a disease is considered occupational if the following criteria are met: (1.) the medical findings of disease are compatible with the effects of a disease-producing agent or event to which the worker has been exposed; (2) sufficient exposure is present in the worker's occupational environment to have caused the disease; and the weight of the evidence supports the disease as having occupational rather than non-occupational origin. The OWCP has issued the findings that "significant factor" means "any" factor. See Federal Register/Vol 71 No250/ Friday, December 29,2006/ Rules and Regulations/ Pages78522-78523. The DMC's reports issued to deny claimants, is based only on the non-occupational factors and they do not address the occupational illnesses. The DMC's that issue the reports do not address the job

duties of the claimant and frequently issues decisions re-diagnosing the medical claimed condition.

21. The DMC's also use the "impairment" to determine the wage-loss of the claimants. The DMC Wright stated that the impairment was wrong and that according to his calculations it should be 38% instead of 50%. (NOTE: The impairment of 50% was done by a qualified and expert physician that not only used AMA Guide, but also physically saw the claimant and did test on the claimant that pertained to impairment of the lungs.)Dr. Wright then determined that there was not a wage-loss of the claimant due to the accepted covered illness of COPD, even though he stated the whole body impairment was from 38-50% based on the pulmonary function test. This claimant has now been deprived of wage-loss in the amount of $170,000.00, and the Plaintiff Hand's damages are $17,000.00.

22. Congress has established under Part E a "broad range" of illnesses to be accepted as covered illness for compensation under Part E. The policy /procedure Chapter E-1100 states that there are "no non-covered illnesses under Part E." Ignoring the Congressional intent, the DEEOICP continues to be restrictive and selective of the covered illnesses that they will issue compensation for. The Plaintiff has several claimants that have prostate cancer. The Plaintiff has obtained medical evidence that these claimants have cadmium in their body. The Plaintiff has sent

in *"programmatic evidence"* from NIOSH and OSHA that the target organ for cadmium is prostate cancer. The DEEOICP refuses to accept this programmatic evidence and John Vance has stated that they will only accept their own toxicologist findings and/or the National Institute of Health. The law specifically states and defines a covered illness means *"an illness or death resulting from exposure to a toxic substance."* 42 USC 7385s(2). *"Toxic substance means any material that has the potential to cause illness or death because of its radioactive, chemical or biological nature."* 20 CFR 30.5 (ii). The Defendants continually deny claims even when the preponderance of evidence establishes the standard for compensation. The Plaintiff's property damage is $125,000.00.

23. The Defendants are not consistent with the procedures, policies, and the law. The Defendants continue to ignore legal precedent. The Plaintiff has filed several claims for skin cancer. FAB decisions and District Medical Consultants have issued decisions stating that the toxic substances, specifically arsenic will aggravate, contribute to, and cause skin cancers. However in the recent claims the DMC Dr. Wright, (without seeing the claimant, only selected records from the file), has stated that a particular type of skin cancer would be required and that arsenic would not cause skin cancer. The FAB, Case Examiners, etc. then deny the skin cancer claims ignoring the previous decisions, the programmatic evidence, and the Site Exposure Matrix establishing the "causal" link.

24. The Plaintiff requests that this complaint is allowed to be amended in the future to include the information that may apply during discovery. The Plaintiff agrees that this complaint cannot be amended after the end of discovery without the Court's permission.

## IV

The Plaintiff, HAND, is entitled to the relief of $150,000.00 actual damages, and request the relief of $200,000.00 in prospective damages, and request the relief of punitive damages as well as full compensation under the EEOICP Act for the claimants that the Plaintiff represented. The relief requested is for any other damages that the Court allows to ensure judicial justice and fair compensation.

I certify that to the best of my knowledge, information, and belief, which was formed after a reasonable inquiry under the circumstances, that this complaint is not filed for any improper purpose, the claims and legal contentions are warranted by existing law, the factual contentions have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Respectfully Submitted,

*Donna Hand*

Donna Hand, Pro Se Plaintiff

7511 Bolanos Ct

Tampa Fl 33615

813 886 2294

CERTIFICATE OF SERVICE

I, DONNA HAND, Plaintiff Pro Se, do hereby certify that a true copy of the complaint and a waiver of summons have been served to the following defendants by U.S. Certified return mail.

James BiBeault  400 West Bay Street, Room 722 Jacksonville Fl 32202

David Miller    400 West Bay Street Room 722 Jacksonville Fl 32202

Mark Stewart   400 West Bay Street Room 722 Jacksonville Fl 32202

Lee Santos     400 West Bay Street Room 722 Jacksonville Fl 32202

Julia Draper    400 West Bay Street Room 722 Jacksonville Fl 32202

Lise' Farmer    400 West Bay Street Room722 Jacksonville Fl 32202

Rachel Leiton   OWCP/DEEOICP 200 Constitution Ave. N.W. C321 Washington D.C. 20210

LuAnn Kressley DEEOIC/FAB  800 N. Capital St N.W. Room 565 Washington D.C. 20211

Susan von Struensee DEEOIC/FAB 800 N Capital St, N.W. Room 565 Washington D.C. 20211

John Vance  OWCP/DEEOICP 200 Constitution Ave. N.W. C3324 Washington D.C.20210

Jeana LaRock  DDEEOIC/FAB 400 West Bay Street Suite 63B Jacksonville Fl 32202

Wendell Perez DDEEOIC/FAB 400 West Bay Street Suite 63B Jacksonville Fl 32202

Sidne Valdivieso DDEEOIC/FAB  400 West Bay Street Suite63 B Jacksonville Fl 32202

LauraO'Shea  DDEEOIC 400 West Bay Street Room 722 Jacksonville Fl 32202

James Johnson DDEEOIC 400 West Bay Street Room 722 Jacksonville Fl 32202

Katina Johnson DDEEOIC 400 West Bay Street Room722 Jacksonville Fl 32202

Dr. John Ellis  13721 Tuscarora Ct Gainesville VA 20155

Dr. William Wright  c/o Work Wright Inc. P.O. Box1142 McLeanVA 22101

On this _9/22/09 and again on 10/19/09_

_Donna Hand_   _Donna Hand_

Donna Hand, Pro Se Plaintiff  7511Bolanos Ct Tampa Fl 33615  813 886 2294