UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNA HAND,

    Plaintiff,

v.                                              CASE NO: 8:09-cv-1921-T-23AEP

JAMES BIBEAULT, et al.,

    Defendants.
_____/

## **ORDER**

Pursuant to Rules 12(b)(6) and 12(b)(1), Federal Rules of Civil Procedure, and on behalf of each defendant (the "defendants") employed by the United States, the United States moves (Doc. 4) to dismiss this action. The defendant John Ellis ("Ellis") moves (Doc. 9) to dismiss pursuant to Rule 12(b)(2). The pro se plaintiff responds to each motion (Doc. 13) and requests a hearing.

### Background

Pursuant to Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 1346; the Energy Employee Occupational Illness Compensation Program Act, 42 U.S.C. §§ 7384-85 (the "EEOICPA"); and 42 U.S.C. § 1983 ("Section 1983"), the pro se plaintiff sues as the "authorized representative for several claimants who have filed for compensation under

the EEOICP[A]" and demands (1) recovery of a fee due to the plaintiff,[1] (2) "full compensation under the EEOICP[A] . . . for the claimants that the [p]laintiff represented," and (3) "prospective" and punitive damages. (Doc. 1) The plaintiff alleges both "fraudulent" denial of claims under the EEOICPA and "fraudulent misrepresentation" as to claims under the EEOICPA. A September 25, 2009, order (Doc. 2) strikes the complaint (1) because the plaintiff is not an attorney and cannot represent anyone else, (2) because the complaint fails to comply with Rules 8 and 10, Federal Rules of Civil Procedure, and (3) because the complaint fails to comply with the Local Rules. The plaintiff files an amended complaint (Doc. 3), which is essentially a double-spaced version of the original complaint.

In moving to dismiss, the defendants argue (1) that complaint fails to state a claim, (2) that the court lacks subject matter jurisdiction because the plaintiff fails to allege exhaustion of administrative remedies under the FTCA;[2] (3) that the complaint fails to state a claim pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and even if the complaint sufficiently alleged a Bivens claim, the claim would fail because of the defendants' entitlement to qualified immunity; (4) that the court lacks subject matter jurisdiction because the FTCA excepts from the FTCA's waiver of immunity a claim for fraud or misrepresentation, and (5) that

---

[1] Under the regulations governing claims for compensation pursuant to the EEOICPA, a claimant may designate any person to represent the claimant during the claims process. See 20 C.F.R. § 30.600. The representative's fee is limited to (1) two percent "for the filing of an initial claim," plus (2) ten percent "of the difference between the lump-sum payment made to the claimant and the amount proposed in the recommended decision with respect to objections to a recommended decision." 20 C.F.R. § 30.603.

[2] In addition, the proper defendant in an action under the FTCA is the United States. See 28 U.S.C.§ 1326(b)(1). The plaintiff fails to include the United States as a defendant in this action.

- 2 -

the plaintiff lacks a license to practice of law and cannot represent the "claimants" in federal court. (Doc. 4) In Ellis's motion to dismiss (Doc. 9), Ellis asserts that the court lacks personal jurisdiction over Ellis because the plaintiff has not perfected service on Ellis.

In response, the plaintiff argues (1) that the complaint states a plausible claim for relief, (2) that the plaintiff exhausted all administrative remedies, (3) that the plaintiff "has alleged that the defendants have violated constitutional and/or federal statutory rights and these rights were clearly established at the time of the violation," (4) that the plaintiff is not practicing law without a license because a federal regulation permits the plaintiff to represent "claimants" under the EEOICPA, and (5) that the issue of personal jurisdiction as to Ellis is "moot" because the plaintiff personally served Ellis.

## Discussion

### 1. Unlicensed Practice of Law

Because the claims process under the EEOICPA is "informal," federal regulations allow a person (a "claimant") seeking compensation under the EEOICPA either (1) to appoint an individual (a "representative") to represent the claimant or (2) to proceed without representation and to submit a claim to the Office of Workers' Compensation Programs (the "OWCP"). 20 C.F.R. § 30.600. Any individual may represent a claimant during the OWCP claims process "unless that individual's service as a representative would violate any applicable provision of law . . . ." 20 C.F.R. § 30.601.[3] However, the regulations governing "representation" during the OWCP claims process are

---

[3] Additionally, the EEOICPA permits a person to seek judicial review of a final, adverse decision as to a claim under the EEOICPA. See 42 U.S.C. § 7385s-6.

- 3 -

inapplicable in federal court.  Title 28, United States Code, Section 1654 mandates that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  See also Devine v. Indian River County School Bd., 121 F.3d 576, 581 (11th Cir. 1997) (overruled on other grounds by Winkelman v. Parma City Sch. Dist., 550 U.S. 516 (1994)); FED. R. CIV. P. 17(c) (permitting a general guardian, a committee, a conservator, or a "like fiduciary" to represent a minor or incompetent person); Local Rule 2.01 ("No person shall be permitted to appear or be heard as counsel for another in any proceeding in this Court unless first admitted to practice in the Court.").

Accordingly, during the OWCP claims process, a "representative" need not possess a license to practice law.  However, the rules change once an individual seeks judicial review of an OWCP decision in federal court, in which only the claimant or a licensed attorney may represent the claimant.  In this action, although the plaintiff may "represent" others during the OWCP claims process, the plaintiff may not act as the "authorized representative for several claimants who have filed for compensation under the EEOICP[A]" in federal court.[4]

### *2. Fees Under the EEOICPA*

To the extent that the plaintiff seeks in this action to recover the fee owed to the plaintiff for acting during the OWCP claims process as the "representative" of the "claimants," the applicable regulation states that:

---

[4] Nothing in the complaint or in the plaintiff's response to the motion to dismiss indicates that the plaintiff qualifies as a representative under Rule 17, Federal Rules of Civil Procedure.

- 4 -

> A representative may charge the claimant a fee for services and for costs associated with the representation before OWCP. The claimant is solely responsible for paying the fee and other costs. OWCP will not reimburse the claimant, nor is it in any way liable for the amount of the fee and costs.

20 C.F.R. § 30.602. Accordingly, the plaintiff must seek payment of the plaintiff's representative fee from each claimant.

### *3. Fraud and Misrepresentation Under the FTCA*

Even if the plaintiff could sue on behalf of the "claimants," the plaintiff could not state pursuant to the FTCA either a claim for "fraudulent denial" or a claim for "fraudulent misrepresentation" against the United States. Under the FTCA, the United States government waives sovereign immunity for any civil action against the United States, which action seeks money damages for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the [g]overnment while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable . . . ." 28 U.S.C. § 1346(b). However, the waiver of sovereign immunity in Section 1346(b) is inapplicable to "any claim arising out of . . . misrepresentation [or] deceit . . . ." 28 U.S.C. § 2680(h). Accordingly, the court lacks subject matter jurisdiction pursuant to the FTCA to adjudicate a claim of fraud or misrepresentation against the United States government. See Powers v. United States, 996 F.2d 1121, 1124 (11th Cir. 1993) ("The United States cannot be sued except as it consents to be sued.").

### *4. Personal Jurisdiction*

Ellis moves (Doc. 9) to dismiss and argues (1) that the plaintiff failed to properly serve Ellis and (2) that Ellis never waived service. The plaintiff argues that the plaintiff

- 5 -

properly served Ellis.  However, the plaintiff fails to file a proof of service as to Ellis.  See Fed. R. Civ. P. 4(l) ("Unless service is waived, proof of service must be made to the court.").  Nonetheless, even if the plaintiff files proof of service, the plaintiff cannot sue Ellis on behalf of the "claimants" because the plaintiff is not a licensed attorney.

Conclusion

Accordingly, (1) because the plaintiff is not an attorney and cannot represent anyone else in federal court, (2) because any fee owed to the plaintiff must be paid by "claimants," and (3) because the court lacks subject matter jurisdiction pursuant to the FTCA for a claim of fraud or a claim of misrepresentation against the United States government, the motions to dismiss (Docs. 4, 9) are **GRANTED** and the amended complaint (Doc. 3) is **DISMISSED WITH PREJUDICE**.  The Clerk is directed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on January 22, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE